IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| NATALIE A. MATHER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BOZEMAN LIBRARY, a city entity; and INVICTUS SECURITY GROUP, INC., a Montana corporation,<br><br>Defendant. | CV 25-146-BLG-KSL<br><br>ORDER |

## I. Background

Pro se plaintiff Mather filed a complaint against Defendant City of Bozeman Library on December 10, 2025. (Doc. 2). On May 22, 2026, the Library filed a motion to dismiss the complaint. (Doc. 13). On June 17, 2026, the Library filed a brief stating that Mather had failed to file any response brief in opposition to the Motion to Dismiss (Doc. 15).

On June 17, 2026, this Court issued an order noting that the Library appeared to serve Mather at the wrong address. (Doc. 16 at 1). This Court instructed the Clerk of Court to mail a copy of the Library's Motion to Dismiss and Brief/Memorandum in Support, among other documents, to Mather at her address of record. (*Id.* at 2; *see also* Doc. 6). This Court further ordered that Mather's response brief to the Library's

Motion to Dismiss be filed no later than July 13, 2026. (Doc. 16 at 3). On July 21, 2026, the mail the Clerk of Court sent to Mather was returned as undeliverable. (Doc. 19). To date, Mather's only participation in her lawsuit has been to file the Complaint and associated case-initiating documents on December 10, 2025 (Docs. 1, 2, 3), and to notify the Court of her updated address on January 8, 2026. (Doc. 6).

## II. Legal Standard and Analysis

In the District of Montana,

> [t]he court may dismiss a complaint without prejudice...when:
> (1) a document directed to the attorney or self-represented party by the court has been returned to the court as not deliverable; and
> (2) the court fails to receive within 60 days of this return a written communication from the attorney or self-represented party indicating a current address for service.

D. Mont. L.R. 5.3(b).

More than 60 days have passed since Mather's mail was returned as undeliverable on July 21, 2026, and the Court has not received a written communication from Mather indicating a current address for service. Dismissal without prejudice is appropriate pursuant to Local Rule 5.3(b).

## III. Conclusion

Because the Court has not received a written communication from Mather indicating a current address for service since Mather's mail was returned as undeliverable on July 21, 2026, the Court **DISMISSES** Mather's complaint without prejudice pursuant to Local Rule 5.3(b).

The Court **DENIES** as moot the Library's motion to dismiss (Doc. 13).

The Court **DENIES** as moot the Library's motion to deem its motion to dismiss well taken. (Doc. 17).

The Clerk of Court is directed to enter judgment and close this matter. IT IS SO ORDERED.

DATED this 22nd day of September, 2026.

Kathleen Lane

KATHLEEN S. LANE
United States District Judge